## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS

YVETTE ROBINSON,

          Plaintiff,

    vs.

NATIONAL RECOVERY

SOLUTIONS, LLC,

         Defendant.

Case No.: 4:14-cv-384

**COMPLAINT**

**(JURY DEMAND)**

## SUMMARY

Defendant, National Recovery Solutions, LLC, ("NRS") is a national debt collection agency.  It knows how to operate within the guidelines, but instead chooses to skirt the rules for the chance at greater profit.  In this case, NRS threatened Ms. Robinson, repeatedly, demanding that if she didn't complete "time-sensitive" paperwork, they would contact her work for "employment verification." NRS then followed through on that threat, actually calling Ms. Robinson's place of employment multiple times, communicating with Ms. Robinson's supervisor.

## NATURE OF COMPLAINT

This is an action for damages and remedies against Defendant for violations of the Fair Debt Collection Practices Act, ("FDCPA") 15 U.S.C. § 1692 *et seq.*, and for violations of the Texas Debt Collection Act ("TDCA") as defined in Texas Finance Code §392 *et seq.*

## JURISDICTION & VENUE

Jurisdiction in this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §1337, and 28 U.S.C. §1331.  Supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. §1367.  Venue is proper in this district under 28 U.S.C. §1391(b) because the Defendant transacts business in this district and because the unlawful acts giving rise to this Complaint occurred in this District and because the Plaintiff resides within the territorial jurisdiction of the Court.

## PARTIES

1. Plaintiff, Yvette Robinson, is a 'consumer' as defined by FDCPA, 15 U.S.C. § 1692(a)(3) whose address is: 3009 Morning Dove, McKinney Texas 75070.

2. Defendant National Recovery Solutions, LLC ("NRS") is a foreign corporation engaged in business as a "debt collector" and "third party debt collector" as those terms are defined in 15 U.S.C. § 1692a(6) and Texas Finance Code §392.001.  <u>NRS may be served through its registered agent - Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218</u>.

3. Service of said Defendant as described above can be effected by certified mail return receipt requested.

## FACTS

4. The Defendant regularly collects consumer debt using the telephone and US mail.

5. On or about March 24, 2014, NRS sent Ms. Robinson a collection letter for a debt originally owed to Chase Bank, offering a settlement option.

6. Thereafter, NRS began a phone campaign, some of which calls were as follows:

7. <u>April 24, 2014 Call.</u>  "Hi, this message is intended for Yvette Robinson. Yvette my name is Ashley Johns calling from the offices of NRS.  I am trying to reach you pertaining to time-sensitive paperwork that I sent out to you that did involve several options to resolve this matter voluntarily . . .  I do specifically want to speak with you Yvette before we move forward with "employment verification" through Lawson Early Childhood School."

8. As evidence by this message, NRS already knew that Ms. Robinson was employed as a teacher at Lawson Early Childhood School/McKinney Independent School District.

9. <u>May 1, 2014 Call.</u>  "Yvette my name is Ashley Johns calling from NRS.  I am trying to contact you pertaining to the time-sensitive paperwork that I sent out; again, I do want to involve you in this process; we have several options available at this point.  I do want to speak to you Yvette before we send out "employment verification" out though Lawson Early Childhood School."

10. <u>May 13, 2014 Call.</u>  "Yvette this is Jeff Lufkin trying to get in touch with you regarding some paperwork sent to my office.  I'm sure you're in class

right now … um … one of my associates has already tried contacting you and we haven't been able to secure any type of arrangement on this.  Before this claim is filed, just want to know if we can go ahead and get this resolved voluntarily."

11. NRS thereafter or concurrently began calling Lawson Early Childhood School, at least 3 times.  On one occasion it left a voice message which was received by Ms. Robinson's direct supervisor, Norma Maldonado.

12. NRS knew or had reason to know, prior to calling Lawson School, that Ms. Robinson was not allowed to receive debt collection calls at her work, as evidenced by Jeff Lufkin's statement, "I'm sure you're in class right now."

13. At the very least, NRS knew that calling Ms. Robinson at work was an unusual, particularly inconvenient, and embarrassing place for Ms. Robinson to receive debt collection calls.

14. There was no reason for NRS to call Lawson School other than for harassment. NRS already knew where Ms. Robinson lived, worked and how to reach her on her cell phone.  The threat and calls to work were quite clearly for the singular purpose of applying pressure onto Ms. Robinson to pay-up.  But Ms. Robinson didn't have the money to pay and so she became extremely worried and almost unbearably anxious.

15. During the aforementioned calls to work, the tone and nature of the calls and the language used made it obvious that the calls were related to the debt

collection business, even though NRS failed to identify itself or state that it was calling to confirm location information.

16. After threat of "employment verification," and the subsequent calls to her work, Ms. Robinson was extremely embarrassed, and disturbed and began having trouble sleeping.  After her recent, difficult divorce that left her saddled with debt, she came to believe that she would have to tell everyone her personal business.  She was certain that if NRS called her work, it would soon call her mother, neighbors or others too.  She told her mother preemptively about her problems and borrowed money to file bankruptcy, which she believed might be her only option to stop calls to work and avoid being fired.

17. The foregoing acts and omissions were undertaken on behalf of the Defendant by its respective officers, agents, or employees acting at all times relevant hereto within the scope of that relationship.  Ashley Johns and John Lufkins (if those are real names) acted as the agent of NRS within the scope of their employment.

18. The foregoing acts and omissions of the Defendant were undertaken willfully, intentionally, knowingly, and/or in gross disregard of the rights of the Plaintiff, and they were undertaken indiscriminately and persistently as part of Defendant's regular and routine collection efforts, without regard to or consideration of the rights of the Plaintiff.

# DAMAGES

19. The FDCPA and TDCA are strict liability statutes.  Damages include not only reimbursement for financial injury but compensation for non-financial injury as well.

20. The conduct of the Defendants has substantially frustrated Ms. Robinson and disrupted her daily routine, and has caused her unnecessary time, effort and expense in seeking to stop NRS's harassment.

21. An award of damages must cover the value of any loss, out-of pocket expenses or cost incurred, including the value of the personal time of Ms. Robinson in having to deal with the conduct and actions of the Defendant and in having to participate in this lawsuit.

22. Damages for the emotional and psychological distress that the Defendant's violations caused the Plaintiff are recoverable, because actual damages include non-financial harm to the Plaintiff as well as those of financial distress.  Plaintiff's emotional distress is significant in that it is not and was not fleeting, inconsequential or trivial from the Plaintiff's perspective. This is evident from the fact that Ms. Robinson scheduled a consultation for bankruptcy and borrowing money from her mother for lawyer fees, even though she did not want to file bankruptcy.  This worry and distress is the exact thing that the FDCPA is designed to protect against.

23. Damages should be awarded in this case not only to compensate for the losses or injury sustained by Plaintiff, but also for statutory damages up to $1000 per violation pursuant to 15 U.S.C. § 1692k(a)(2)(A).

24. Due to Defendants' conduct, Plaintiff was forced to hire counsel and her damages include reasonable attorney's fees incurred in prosecuting this claim.

25. Exemplary damages should be awarded against Defendants because the harm with respect to which Ms. Robinson seeks recovery of exemplary damages resulted from gross negligence (which means that Defendants' acts and/or omissions (1) when viewed objectively from Defendants' standpoint at the time of the acts and/or omissions involved an extreme degree of risk, considering the probability and magnitude of potential harm to others and (2) were such that the Defendants had an actual subjective awareness of the risk involved but nevertheless proceeded with conscious indifference to the rights, safety and welfare of others).

## GROUNDS FOR RELIEF
## COUNT I - VIOLATIONS OF THE FDCPA

26. The Plaintiff realleges and incorporates by reference the foregoing paragraphs. The Defendant's violations of the FDCPA include the following:

COMPLAINT   ~ 7 ~

a) In violation of 15 U.S.C. § 1692 e(11), the Defendant communicated to Ms. Robinson but failed to give the warning: "this is a communication from a debt collector."

b) In violation of 15 U.S.C. § 1692(c)(3)(b) and § 1692(b)(1), the Defendant contacted a third party for a purpose other than to obtain location information, and it failed to identify itself and state that it was confirming or correcting location information.

c) In violation of 15 U.S.C. § 1692(c)(3)(b) and § 1692(b)(5), the Defendant contacted a third party using language or communications indicating a debt collection business.

d) In violation of 15 U.S.C. § 1692(c)(a)(1), the Defendant contacted Ms. Robinson at a place known to be inconvenient and embarrassing to her.

e) In violation of 15 U.S.C. § 1692(c)(a)(3), the Defendant contacted Ms. Robinson at her place of employment when it had reason to know that her employer prohibited receiving such contact.

f) In violation of 15 U.S.C. § 1692e, & 1692 e(5), the Defendant used misleading statements and threatened to take an action that was not intended to be taken (by threatening to file "a claim" against Ms. Robinson).

g)  In violation of 15 U.S.C. § 1692f and 1692e, the Defendant used unfair or unconscionable means to collect or attempt to collect a consumer debt, threatening to contact an employer for "employment verification."

h)  In violation of 15 U.S.C. § 1692d, the Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt.

27. Under 15 USC § 1692k, the Defendants' violations of the FDCPA render them jointly and severally liable to Plaintiff for actual damages, statutory damages, punitive damages, declaratory relief, costs, and reasonable attorney's fees.

## COUNT II – VIOLATIONS OF THE TDCA

28. The Plaintiff realleges and incorporates by reference the foregoing paragraphs. The Defendant's violations of the TDCA include the following:

a)  In violation of Tex. Fin. Code § 392.304(a)(19), Defendant used false representations and deceptive means to collect a consumer debt.

b)  In violation of Tex. Fin. Code § 392.304(a)(5)(b), Defendant failed to disclose in communication(s) with Ms. Robinson that is was a communication from a debt collector.

29. Under Tex. Fin. Code Ann. § 392.403, the Defendant's violations of the TDCA render it liable to Plaintiff for actual damages, statutory damages, injunctive relief, declaratory relief, costs, and reasonable

attorney's fees. In addition, knowing and intentional violations of the TDCA render Defendant liable to Plaintiff for exemplary damages.

### <u>PRAYER</u>

Plaintiff prays that judgment be entered against the Defendant for:

a) an award of actual damages including damages for emotional/ mental anguish damages;

b) an award of statutory damages of $1,000.00 for each violation pursuant to 15 U.S.C. § 1692k;

c) an award of costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and Tex. Fin. Code § 392.403.

d) a declaratory judgment be entered that Defendant's conduct violated the FDCPA and the TDCA;

e) all prejudgment and post-judgment interest at the highest lawful rates.

f) an award of exemplary damages if Defendant's conduct is found to have been the result of gross negligence.

g) Such other and further relief as may be proper.

**TRIAL BY JURY DEMANDED**

Dated this Friday, June 13, 2014

    /s/ Michael R. Sices
Michael R. Sices
State Bar No.: 24070616
**Law Office of Michael R. Sices, PC**
2000 N. Central Expy, Suite 209

Plano, TX 75074
(972) 914-8372 office
(972) 739-2027 fax
michael@siceslaw.com

Counsel for Plaintiff